**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AA American Development Corporation, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> United States of America, et al., <br><br> Defendant. | Case No. CIV 06-2450-PHX-SMM <br><br> **ORDER** |

     Pending before the Court are a Motion for Summary Judgment filed by Plaintiffs AA American Development Corporation et al. (Dkt. 7) and a Cross Motion for Summary Judgment filed by the United States of America. (Dkt. 19). The parties have presented their arguments, and the motions are now ripe for determination.

## **BACKGROUND**

**Procedural History**

     On October 13, 2006, Plaintiffs filed a Complaint seeking quiet title to their property. (Dkt. 1). The United States of America (Government) responded by filing an Answer on December 19, 2006, in which it asserted several affirmative defenses. (Dkt. 6). Plaintiffs then filed a Motion for Summary Judgment on February 1, 2007, pursuant to Rule 56 of the Federal Rules of Civil Procedure (FRCP). (Dkt. 7). The Government filed a Response to Plaintiff's Motion for Summary Judgment and a Cross-Motion for Summary Judgment on April 30, 2007. (Dkt. 18-19). Thereafter, on June 14, 2007, Plaintiffs filed a Response to the

Government's Cross-Motion for Summary Judgment. (Dkt. 26). The Government then filed a Reply to Plaintiff's Response to the government's Cross-Motion for Summary Judgment on June 28, 2007. (Dkt. 28).

Plaintiffs are bringing this action pursuant to the Quiet Title Act, 28 U.S.C. § 2409(a).[1] The Quiet Title Act is the exclusive means by which adverse claimants can challenge the United States' title to real property. *Block v. North Dakota*, 461 U.S. 273, 286 (1983). These motions have been briefed and are now ripe for disposition by this court.

## Undisputed Facts

On March 23, 1961, the Government initiated a condemnation lawsuit in which they filed a Complaint, Declaration of Taking, Notice of Condemnation, and deposited funds with the Court to acquire a flowage and flood easement over the property owned by Plaintiff's predecessors-in-interest. (Dkt. 18). Each of these documents was filed pursuant to 40 U.S.C. § 3114, also known as the Declaration of Taking Act. *Id.* Thereafter, on April 3, 1961, the Government recorded a Lis Pendens on the property. *Id.* The lawsuit included real property[2] now owned by AA American Development Co. and Verma Family Limited Partnership (Plaintiffs), which is the subject of this litigation. *Id.* On November 15, 2005, the property was conveyed by Roger D. Shirley to Plaintiffs by special warranty deed, whereby AA Development acquired 78% ownership interest in the property and Verma Family acquired 22% ownership interest. (Dkt. 1). *Id.*

Upon the filing of the Declaration of Taking, Notice of Condemnation, and the deposit of the estimated just compensation with the Court, the Government acquired title to the property for the estate described in the Declaration of Taking (Declaration). The estimated just compensation in this case was $315,950. (Dkt. 20). Regarding actual just

---

[1] Plaintiffs failed to assert subject matter jurisdiction. Therefore, the Court finds that subject matter jurisdiction is proper under 28 U.S.C. § 2409(a).

[2] The property was acquired to control floods and establish the Painted Rock Dam and Reservoir. (Dkt. 20).

1  compensation, judgment was entered in the amount of $1,132,000 against the Government
2  on January 29, 1965, and funds were paid to Plaintiff's predecessors-in-interest on February
3  26, 1965. *Id*. Thus, by acting in accordance with the Declaration of Taking Act, the
4  Government acquired a flowage easement in 1965 over property now owned by Plaintiffs.
5        In September 2005, an e-mail exchange occurred between Pranav Sahai and Steven
6  Gale of the United States Army Corps of Engineers (USACE) regarding the extent of the
7  Government's easement. *Id*. At the time of the exchange, Mr. Sahai was acting on behalf
8  of the plaintiff corporation. *Id*. As a result of this correspondence, a copy of the Notice of
9  Condemnation and Judgment were forwarded to Mr. Sahai. *Id*. Mr. Sahai has the same
10 address as the plaintiff corporation, therefore, it is undisputed that Plaintiffs had actual
11 knowledge and notice of the Government's easement prior to their purchase of the property.
12 *Id*.

### **STANDARD OF REVIEW**

14       A court must grant summary judgment if the pleadings and supporting documents,
15 viewed in the light most favorable to the nonmoving party, "show that there is no genuine
16 issue as to any material fact and that the moving party is entitled to judgment as a matter of
17 law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986);
18 *Jesinger v. Nevada Federal Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive
19 law determines which facts are material. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248
20 (1986); *see also Jesinger*, 24 F.3d at 1130. "Only disputes over facts that might affect the
21 outcome of the suit under the governing law will properly preclude the entry of summary
22 judgment." *Anderson*, 477 U.S. at 248. The dispute must also be genuine, that is, the
23 evidence must be "such that a reasonable jury could return a verdict for the nonmoving
24 party." *Id*.; *see Jesinger*, 24 F.3d at 1130.
25       A principal purpose of summary judgment is "to isolate and dispose of factually
26 unsupported claims." *Celotex*, 477 U.S. at 323-24. Summary judgment is appropriate
27 against a party who "fails to make a showing sufficient to establish the existence of an
28 element essential to that party's case, and on which that party will bear the burden of proof

at trial." *Id.* at 322; *see also Citadel Holding Corp. v. Roven*, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. *See Celotex*, 477 U.S. at 323-24. The party opposing summary judgment need not produce evidence "in a form that would be admissible at trial in order to avoid summary judgment." *Id.* at 324. However, the non-movant "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995).

## DISCUSSION

Plaintiffs claim that the Declaration of Taking, filed in district court, is void and that the recorded Lis Pendens does not provide constructive notice under the law. Additionally, Plaintiffs contend that they are entitled to the status of bonafide purchasers for value and that their claim is not barred by the twelve year statute of limitations contained in 28 U.S.C. § 2409(g) of the Quiet Title Act.[3] For the reasons outlined in the following sections, Plaintiffs' Motion for Summary Judgment is DENIED and Defendant's Cross Motion for Summary Judgment is GRANTED.

### Declaration of Taking

Plaintiffs argue that the Declaration is void because the Government failed to record it in the county registry. (Dkt. 7). In support of their argument, Plaintiffs cite A.R.S. § 33-412 which states in pertinent part, "all bargains, sales and other conveyances whatever of lands . . . shall be void as to . . . subsequent purchasers for valuable consideration without notice, unless they are acknowledged and recorded in the office of the county recorder as required by law." The Government has not produced any evidence to show that the Declaration was recorded in the county registry. Further, Plaintiffs claim that their

---

[3] The Court will refrain from a detailed discussion pertaining to the Statute of Limitations as it not dispositive and thus will not impact the Court's final decision.

- 4 -

immediate predecessor in interest did not have notice of the Declaration when it purchased the property. *Id*. Therefore, Plaintiffs argue that the Declaration is void as to their immediate predecessor, and thus, void against themselves. *Id*.

While Plaintiffs' contentions may have persuasive effect under state law, the Government did not file the condemnation action pursuant to state law. The Government has the authority to acquire property by eminent domain according to the Fifth Amendment of the U.S. Constitution and federal statutes. The Declaration of Taking Act provides, among other things, that when the United States exercises this power, title to the estate or interest specified in the declaration vests in the Government upon the filing of the Declaration of Taking, Notice of Condemnation, and deposit with the court of estimated just compensation. 40 U.S.C. § 3114(b). The Act does not state that any of these documents must be recorded in the appropriate county registry in order for title to vest in the United States.

According to 40 U.S.C.§ 3114(a), the declaration must contain: (1) a statement of authority under which, and the public use for which, the land is taken; (2) a description of the land taken that is sufficient to identify the land; (3) a statement of the estate or interest in the land taken for public use: (4) a plan showing the land taken; and (5) a statement of the amount of money estimated by the acquiring authority to be just compensation for the land taken. Each of these requirements was specifically met in the Government's Declaration of Taking. (Dkt. 7). Further, the Government filed each of these required documents with the district court, as required by the Declaration of Taking Act. Therefore, this Court finds that the Declaration of Taking filed in this case complied with all of the requirements of 40 U.S.C. § 3114.

Alternatively, Plaintiffs argue that, "requiring USA to validly record its alleged property interests . . . is not overbearing on the USA." (Dkt. 25). Plaintiffs further contend that excusing the Government from the state's recording statutes will "cause confusion and discourage reliance on properly recorded property records." While this may have some validity, the Fifth Amendment and the Declaration of Taking Act preempt Plaintiffs' claim that the Declaration is void. "The preemption doctrine is rooted in the supremacy clause,

which provides that the Constitution, and laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land." U.S. Const. art. VI, cl. 2. "A federal statute implicitly overrides state law either when the scope of a statute indicates that Congress intended federal law to occupy a field exclusively, or when state law is in actual conflict with federal law." *Freightliner Corp. v. Myrick*, 514 U.S. 280, 286 (1995).

In this case, divesting the Government of its property interest for not complying with a state recording statute would create a conflict between federal and state law. Although requiring the Government to comply with state recording statutes does not frustrate the Fifth Amendment or the Declaration of Taking Act, there is no such provision in either. In this case, there is a conflict between federal and state law that has led to this lawsuit. State laws governing property relationships do not apply to federally created property rights when the state procedures do not adequately protect federal interests. *United States v. Kimbell Foods Inc.*, 440 U.S. 715, 728 (1979). "State interests should be overridden by the federal courts . . . where clear and substantial interests of the National Government . . . will suffer major damage if the state law is applied." *United States v. Yazell*, 382 U.S. 341, 352 (1966); *see also United States v. MacKenzie*, 510 F.2d 39, 40 (9th Cir. 1975) (en banc). In this case, the Government will suffer major damage in the loss of their easement if state law is applied. The government condemned the land according to the Fifth Amendment and pursuant to the Declaration of Taking Act. (Dkt. 19). Further, the Government paid fair market value for the property, filed the Declaration with the district court, recorded the Lis Pendens in the county registry, and complied with all other requirements of 40 U.S.C. § 3114. (Dkt. 18, 19). Thus, after careful consideration, this Court finds that the Declaration of Taking Act preempts A.R.S. § 33-412, and therefore, the Government's Declaration is not void against Plaintiffs.

**Lis Pendens**

In conjunction with the above-referenced condemnation action, the Government filed a Lis Pendens which was recorded on April 3, 1961. (Dkt. 20). A.R.S. § 12-1191 permits the filing of a lis pendens in an action affecting title to real property. *Warren v. Whitehall*

*Income Fund*, 170 Ariz. 241, 244, 823 P. 2d 689, 691 (App. 1991). The lis pendens gives notice of the pending litigation, and whoever purchases or acquires an interest in the property is charged with notice and takes the property subject to whatever valid judgment may be rendered in the litigation. *Id*; *see also Mammoth Cave Production Credit Ass'n v. Gross*, 141 Ariz. 389, 391, 687 P.2d 397, 399 (App. 1984). The judgment binds all persons who subsequently acquire an interest in the land. *Id*; *see also England v. Ally Ong Hing*, 105 Ariz 65, 70, 459 P.2d 498, 503 (1969).

Plaintiffs argue that the recorded Lis Pendens did not give constructive notice to any of the subsequent purchasers because it did not contain a certificate of acknowledgment. (Dkt. 7). In support of their arguments, Plaintiffs cite A.R.S. § 33-411(b) which states, "An instrument shall not be deemed lawfully recorded unless it has been previously acknowledged in the manner prescribed in this chapter . . ." A certificate of acknowledgment certifies that the notary public knew or had evidence that the person signing the document is the person named in the document. *Phipps v. CW Leasing Inc.*, 186 Ariz. 397, 399, 923 P.2d 863, 865 (App. 1996). In citing A.R.S. § 33-411(b), Plaintiffs neglected, however, to incorporate A.R.S. § 33-411(c), which states:

> For purposes of this section, an instrument affecting real property containing any defect, omission or informality in the certificate of acknowledgment and which has been recorded for longer than one year in the office of the county recorder of the county in which the property is located shall be deemed to have been lawfully recorded on and after the date of its recording.

The function of Arizona recording statutes is to protect persons who deal with interests in land. *Federoff v. Pioneer Title & Trust Co.*, 166 Ariz. 383, 387, 803 P.2d 104, 108 (1990). These statutes protect the claims of those who hold current interests in land, as well as the obligations of subsequent purchasers. *Id.* If a recorded document is clear as to its nature, purpose, and legal description of the property, the recording should not be invalidated because of mistakes in the document itself. *Villas at Hidden Lakes Condominium Ass'n v. Geupel Constr. Co.*, 174 Ariz. 72, 77, 847 P.2d 117, 122 (App. 1992). Although the Lis Pendens filed in 1961 by the Government did not contain a certificate of acknowledgment, it has been recorded for longer than one year. The "fair and sensible

construction of this statute is that a document is deemed to have been lawfully recorded on and after the date of its recording as to anyone purchasing after the year's period, but not as to someone who purchased during that period." *See Phipps*, 186 Ariz. at 401; *see also Collins v. State*, 166 Ariz. 409, 415, 803 P.2d 130, 136 (App. 1990) (statutes must be given a sensible construction which accomplishes the legislative intent behind them and which avoids absurd results). Thus, the recorded Lis Pendens would not have provided constructive notice to any party who acquired an interest in the property within one year of its recording. However, Plaintiffs' immediate predecessor acquired the property more than forty years after the Lis Pendens was recorded. Thus, in accordance with A.R.S. § 33-411(c), the Court finds that the recorded, but unacknowledged Lis Pendens, did give constructive notice to Plaintiffs and their immediate predecessor because they both acquired their respective interests in the property more than one year after the Lis Pendens was recorded.

Further, the Arizona Court of Appeals has stated that if a document, "is such that it is of a character which the recording statutes permit to be recorded, and its language sufficiently apprises third parties of the nature and substance of the rights claimed under it, it is constructive notice of such rights." *Carley v. Lee*, 58 Ariz. 268, 272, 119 P.2d 236, 238 (1941); *see also Watson Const. Co. v. AMFAC Mortgage Co.*, 124 Ariz. 570, 576, 606 P.2d 421, 427 (App. 1979). The Lis Pendens set forth the names of the parties, described in detail the property involved, and described the nature of the transaction. *Id*. Thus, the information was sufficient to apprise subsequent purchasers of the "nature and substance of the rights claimed" under the Lis Pendens and the condemnation proceeding to which it was attached. *Id*. The fact that the document recorded on April 3, 1961, did not contain a certificate of acknowledgment does not destroy the constructive notice imparted by that document.

**Plaintiffs are not Bonafide Purchasers for Value**

It is undisputed that Plaintiffs had *actual* knowledge of the Government's interest in the property before they purchased it. (Dkt. 18) In September of 2005, an e-mail exchange occurred between Steven Gale of the USACE and Mr. Pranav Sahai, who was acting on

behalf of the Plaintiff corporation. *Id.* During the exchange, the status of certain lands in the flowage easement was discussed, including the property that is the subject of this litigation. *Id.* As a result of this exchange, Plaintiffs received a copy of the Lis Pendens from their title company. *Id.* Additionally, on October 3, 2005, a copy of the Notice of Condemnation and 1965 Judgment were forwarded to Mr. Sahai. *Id.* Accordingly, this Court finds that, in addition to having constructive notice, Plaintiffs had actual notice of the Government's interest in the property before they purchased it on November 15, 2005.

Plaintiffs do not dispute that they had actual knowledge of the Government's interest before they purchased the land in question. Nevertheless, Plaintiffs contend they received title to the property unencumbered by the Government's easement claims. (Dkt. 7). Plaintiffs argue that since the Declaration was not recorded and the Lis Pendens did not provide constructive notice, their immediate predecessor obtained its interest in the property free and clear of any interest claimed by the Government. (Dkt. 7). Plaintiffs further claim that "a bonafide purchaser can transmit good title to a person who has notice of a prior adverse equity or right." *W. W. Planning, Inc. V. Clark*, 10 Ariz. 86, 89, 456 P.2d 406, 409 (App. 1969). Thus, Plaintiffs argue that it makes no difference whether or not they had knowledge of the Government's claim. (Dkt. 7, 26). They contend that since their immediate predecessor was a bonafide purchaser for value, they are entitled to the same status. *Id.*

A bonafide purchaser for value must purchase property in good faith, for value and without notice. *Davis v. Kleindienst*, 64 Ariz. 251, 258, 169 P.2d 78, 82 (1946). The Plaintiffs' declarations of their immediate predecessor in which statements were made that the property was purchased in 2003 without notice are without merit. (Dkt. 8). The Court has previously determined that the recorded Lis Pendens provided constructive notice to all subsequent owners who purchased the land at least one year after being recorded, including Plaintiffs' predecessor in interest. *See Phipps*, 186 Ariz. at 401 (App. 1996). Consequently, Plaintiffs are not entitled to the status of bonafide purchasers for value.

Additionally, Plaintiffs themselves had *actual* knowledge of the Government's easement claim. They were aware of the condemnation proceedings that took place from

1961-1965 and were given copies of the Declaration, Judgment, and Lis Pendens. In arguing that an unacknowledged, but otherwise properly recorded lis pendens does not provide notice, Plaintiffs are asking this Court to accept form over substance. The fact that Plaintiffs had actual notice defeats the purpose of a precautionary measure such as a certificate of acknowledgment. Thus, in purchasing the land with actual knowledge of the easement, Plaintiffs took subject to the Government's interest in the property. *See Warren*, 170 Ariz. at 243 (App. 1991).

## CONCLUSION

Accordingly, the Court finds that Plaintiffs' Motion for Summary Judgment is denied based on federal preemption. In the alternative, the Court also finds that the Government prevails under state law because it has successfully established that Plaintiffs had both constructive and actual notice of the Government's easement and neither Plaintiffs nor their predecessor in interest were bona fide purchasers for value.[4]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Summary Judgment (Dkt. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for Summary Judgment (Dkt. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

DATED this 14th day of August, 2007.

Stephen M. McNamee
United States District Judge

---

[4] "Unrecorded instruments ... as to all subsequent purchasers **with notice thereof**, or without valuable consideration, shall be valid and binding." A.R.S. § 33-412.